UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION
____

HAROLD STAFFNEY,

           Plaintiff,           Case No. 2:23-cv-24

v.                                         Honorable Robert J. Jonker

N. DUNCAN et al.,

           Defendants.
_____/

## OPINION DENYING LEAVE
## TO PROCEED *IN FORMA PAUPERIS* - THREE STRIKES

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. Plaintiff seeks leave to proceed *in forma pauperis*. Because Plaintiff has filed at least three lawsuits that were dismissed as frivolous, malicious or for failure to state a claim, he is barred from proceeding *in forma pauperis* under 28 U.S.C. § 1915(g). The Court will order Plaintiff to pay the $402.00 civil action filing fees applicable to those not permitted to proceed *in forma pauperis*.[1] This fee must be paid within twenty-eight (28) days of this opinion and accompanying order. If Plaintiff fails to pay the fee, the Court will order that this case be dismissed without prejudice. Even if the case is dismissed, Plaintiff must pay the $402.00 filing fees in accordance with *In re Alea*, 286 F.3d 378, 380–81 (6th Cir. 2002).

---

[1] The filing fee for a civil action is $350.00. 28 U.S.C. § 1914(a). The Clerk is also directed to collect a miscellaneous administrative fee of $52.00. 28 U.S.C. § 1914(b); https://www.uscourts.gov/services-forms/fees/district-court-miscellaneous-fee-schedule. The miscellaneous administrative fee, however, "does not apply to applications for a writ of habeas corpus or to persons granted *in forma pauperis* status under 28 U.S.C. § 1915." https://www.uscourts.gov/services-forms/fees/district-court-miscellaneous-fee-schedule.

**Discussion**

The Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321 (1996), which was enacted on April 26, 1996, amended the procedural rules governing a prisoner's request for the privilege of proceeding *in forma pauperis*. As the Sixth Circuit has stated, the PLRA was "aimed at the skyrocketing numbers of claims filed by prisoners–many of which are meritless–and the corresponding burden those filings have placed on the federal courts." *Hampton v. Hobbs*, 106 F.3d 1281, 1286 (6th Cir. 1997). For that reason, Congress created economic incentives to prompt a prisoner to "stop and think" before filing a complaint. *Id.* For example, a prisoner is liable for the civil action filing fee, and if the prisoner qualifies to proceed *in forma pauperis*, the prisoner may pay the fee through partial payments as outlined in 28 U.S.C. § 1915(b). The constitutionality of the fee requirements of the PLRA has been upheld by the Sixth Circuit. *Id.* at 1288.

In addition, another provision reinforces the "stop and think" aspect of the PLRA by preventing a prisoner from proceeding *in forma pauperis* when the prisoner repeatedly files meritless lawsuits. Known as the "three-strikes" rule, the provision states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under [the section governing proceedings *in forma pauperis*] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). The statutory restriction "[i]n no event," found in § 1915(g), is express and unequivocal. The statute does allow an exception for a prisoner who is "under imminent danger of serious physical injury." The Sixth Circuit has upheld the constitutionality of the three-strikes rule against arguments that it violates equal protection, the right of access to the courts, and due process, and that it constitutes a bill of attainder and is *ex post facto* legislation. *Wilson v. Yaklich*, 148 F.3d 596, 604–06 (6th Cir. 1998).

Plaintiff has been an active litigant in the federal courts in Michigan. In more than three of Plaintiff's lawsuits, the Court entered dismissals on the grounds that the cases were frivolous, malicious, and/or failed to state a claim. *See Staffney v. Glynn*, No. 1:94-cv-56 (W.D. Mich. Feb. 11, 1994) (complaint dismissed as frivolous); *Staffney v. Benson*, 4:96-cv-55 (W.D. Mich. Mar. 12, 1996) (complaint dismissed as frivolous); *Staffney v. Caruso et al.*, No. 2:95-cv-98 (W.D. Mich. Mar. 20, 1995) (complaint dismissed as frivolous); *Staffney v. Allen et al.*, No. 1:97-cv-891 (W.D. Mich. June 18, 1998) (complaint dismissed for failure to state a claim); *Staffney v. Cohle et al.*, No. 2:16-cv-131 (W.D. Mich. June 28, 2016) (complaint dismissed for failure to state a claim). Plaintiff also has been denied leave to proceed *in forma pauperis* by the Court in four additional cases. *See Staffney v. Palmer et al.*, No. 1:17-cv-403 (W.D. Mich. Aug. 3, 2017); *Staffney v. Washington et al.*, No. 2:20-cv-133 (W.D. Mich. Oct. 1, 2020); *Staffney v. Unknown Part(y)(ies)*, No. 2:21-cv-43 (W.D. Mich. May 19, 2021); *Staffney v. Bayne et al.*, No. 4:04-cv-41 (W.D. Dist. May 26, 2004). Although three of Plaintiff's dismissals were entered before enactment of the PLRA on April 26, 1996, the dismissals nevertheless count as strikes. *See Wilson*, 148 F.3d at 604. Thus, Plaintiff can only proceed *in forma pauperis* if his allegations fall within the "imminent danger" exception to the three-strikes rule. 28 U.S.C. § 1915(g).

The Sixth Circuit has set forth the following general requirements for a claim of imminent danger:

> In order to allege sufficiently imminent danger, we have held that "the threat or prison condition must be real and proximate and the danger of serious physical injury must exist at the time the complaint is filed." *Rittner v. Kinder*, 290 F. App'x 796, 797 (6th Cir. 2008) (internal quotation marks omitted). "Thus a prisoner's assertion that he or she faced danger in the past is insufficient to invoke the exception." *Id*. at 797–98; *see also* [*Taylor v. First Med. Mgmt.*, 508 F. App'x 488, 492 (6th Cir. 2012)] ("Allegations of past dangers are insufficient to invoke the exception."); *Percival v. Gerth*, 443 F. App'x 944, 946 (6th Cir. 2011) ("Assertions of past danger will not satisfy the 'imminent danger' exception."); *cf*. [*Pointer v.*

3

> *Wilkinson*, 502 F.3d 369, 371 n.1 (6th Cir. 2007)] (implying that past danger is insufficient for the imminent-danger exception).
>
> In addition to a temporal requirement, we have explained that the allegations must be sufficient to allow a court to draw reasonable inferences that the danger exists. To that end, "district courts may deny a prisoner leave to proceed pursuant to § 1915(g) when the prisoner's claims of imminent danger are conclusory or ridiculous, or are clearly baseless (i.e. are fantastic or delusional and rise to the level of irrational or wholly incredible)." *Rittner*, 290 F. App'x at 798 (internal quotation marks and citations omitted); *see also Taylor*, 508 F. App'x at 492 ("Allegations that are conclusory, ridiculous, or clearly baseless are also insufficient for purposes of the imminent-danger exception.").

*Vandiver v. Prison Health Services, Inc.*, 727 F.3d 580, 585 (6th Cir. 2013). A prisoner's claim of imminent danger is subject to the same notice pleading requirement as that which applies to prisoner complaints. *Id*. Consequently, a prisoner must allege facts in the complaint from which the Court could reasonably conclude that the prisoner was under an existing danger at the time he filed his complaint, but the prisoner need not affirmatively prove those allegations. *Id.*

Plaintiff claims that, in May of 2020, Plaintiff ingested crushed pills, "as [he] had done for years;" however, on this occasion, he passed out a couple of hours later. (Compl., ECF No. 1, PageID.2.) Plaintiff was resuscitated by Defendant Nurse Duncan and Defendant Officer Dunkel. (*Id.*, PageID.3.) Following his resuscitation, Plaintiff began to experience pain on his upper left side and the left side of his chest. (*Id.*) He was provided with medical attention and was given chest x-rays in 2020, 2021, and 2022. (*Id.*, PageID.4.)

Plaintiff was diagnosed with COVID-19 in September or October of 2022, and was placed in isolation with another inmate who had tested positive for COVID-19. (*Id.*, PageID.5–6.) While in isolation, Plaintiff received medical attention and testing. (*Id.*, PageID.6.) After twelve days, Plaintiff was allowed to return to the unit. (*Id.*) On October 22, 2022, when Plaintiff "took a turn for the worst," Plaintiff was treated by Defendant Duncan, given an electrocardiogram, and taken to the hospital, where Plaintiff was told that he had inflammation on his "left rib side". (*Id.*).

4

Plaintiff continues to experience pain on his left rib side and believes that his pain is caused by Defendant Duncan's use of naloxone and other efforts used to resuscitate Plaintiff. (*Id.*)

Plaintiff further alleges that he has experienced light spotting of blood from his penis, but has been tested for prostate cancer, which was negative. (*Id.*, PageID.4, 7.) Plaintiff indicates that the spotting issue improves when Plaintiff drinks a substantial amount of water. (*Id.*, PageID.7.)

Finally, Plaintiff alleges that he has a deformity of his right foot, but that "healthcare" will not honor Plaintiff's prescription for shoes. (*Id.*, PageID.8.)

Taking Plaintiff's allegations as true, Plaintiff has not alleged facts from which the Court could infer that Plaintiff presently faces a "real and proximate and the danger of serious physical injury." *Vandiver*, 727 F.3d at 585 (quoting *Rittner*, 290 F. App'x at 797). Plaintiff does not claim that any of his itemized health conditions—left-sided chest pain, light spotting of blood, and a lack of prescription shoes—currently pose any danger of death or serious injury. And, based upon Plaintiff's own allegations, Plaintiff has been provided with regular and significant medical testing and attention, including transfer to the hospital when prudent. Therefore, § 1915(g) prohibits Plaintiff from proceeding *in forma pauperis* in this action. Plaintiff has twenty-eight (28) days from the date of entry of this order to pay the civil action filing fees, which total $402.00. When Plaintiff pays his filing fees, the Court will screen his complaint as required by 28 U.S.C. § 1915A and 42 U.S.C. § 1997e(c). If Plaintiff does not pay the filing fees within the 28-day period, this case will be dismissed without prejudice, but Plaintiff will continue to be responsible for payment of the $402.00 filing fees.

Dated:      March 6, 2023                              /s/ Robert J. Jonker
                                                                                            Robert J. Jonker
                                                                                           United States District Judge

**SEND REMITTANCES TO THE FOLLOWING ADDRESS**:

Clerk, U.S. District Court
399 Federal Bldg.
110 Michigan St., N.W.
Grand Rapids, MI 49503

**All checks or other forms of payment shall be payable to "Clerk, U.S. District Court."**